Filed 4/23/25  P. v. Caballero CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BALDEMAR CABALLERO,<br><br>    Defendant and Appellant. | B335383<br><br>(Los Angeles County<br>Super. Ct. No. BA121195) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge. Affirmed.

　　　　Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Baldemar Caballero appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1172.6.[1] The court denied the petition without granting Caballero's request for counsel because it determined he was the actual killer and therefore ineligible for relief as a matter of law. Although that approach does not comport with the procedure promulgated by the California Legislature, the error was harmless. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1993, Caballero was charged with two counts of first degree murder and several related charges and sentencing enhancements.[2] After two mistrials, Caballero accepted a plea agreement and pled guilty in Los Angeles Superior Court case No. BA083881 to two counts of voluntary manslaughter (§ 192, subd. (a)), one count of being a felon in possession of a firearm (§ 12021, subd. (a))[3] and enhancements for use of a firearm

---

[1] All further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the statute only by its current number for clarity and convenience.

[2] Because the trial court denied Caballero's petition before appointing counsel, these facts are drawn from the petition and its attached documents. (See *People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

[3] After Caballero's conviction, section 12021 "was repealed and reenacted without substantive change as section 29800, subdivision (a)." (*People v. White* (2014) 223 Cal.App.4th 512, 518, fn. 2; see also § 29800, subd. (a).)

(§ 12022.5, subd. (a)) and a prior serious felony conviction (§ 667, subd. (a)(1)). He was sentenced to 26 years in prison.[4]

On July 17, 2023, Caballero moved the trial court for resentencing pursuant to section 1172.6. He verified that his petition was "true, correct and complete" under penalty of perjury, and he averred that he met the eligibility criteria for relief. He requested counsel be appointed to represent him.

The trial court summarily denied Caballero's petition on October 3, 2023. The court did not appoint counsel for Caballero or receive additional briefing. Caballero timely appealed. (§ 1237, subd. (b); Cal. Rules of Court, rule 8.308(a).)

## DISCUSSION

## I. The Trial Court Erred in Summarily Denying Caballero's Petition for Resentencing Without Appointing Counsel

The trial court denied Caballero's section 1172.6 petition on the ground that he was ineligible for relief because he admitted to killing the victims (in self-defense). (See § 189, subd. (e)(1).) The court erred in doing so before it had appointed counsel for Caballero.

### A. Standard of Review

We review de novo the trial court's order summarily denying Caballero's section 1172.6 petition. (See *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1238–1239 (*Beaudreaux*); see also *Lewis, supra,* 11 Cal.5th at p. 961.)

---

[4] Caballero was later sentenced to additional prison time in Los Angeles Superior Court case No. BA121195, to run consecutive to his sentence in case No. BA083881. That additional sentence is not relevant to this appeal.

3

## B. Procedure to Assess Eligibility for Section 1172.6 Resentencing Relief

A few years ago, the California Legislature modified the Penal Code's treatment of some defendants charged with unlawful killings. Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated murder liability for certain theories of murder that did not require the prosecution to prove actual malice on the part of the defendant–specifically, the "natural and probable consequences" doctrine and aspects of the felony murder rule. (Stats. 2017, ch. 1015, § 1, subds. (f)–(g); see *People v. Delgadillo* (2022) 14 Cal.5th 216, 223 (*Delgadillo*).) It also allowed criminals convicted pursuant to those eliminated theories to seek resentencing relief retroactively. (Stats. 2017, ch. 1015, § 4; *Delgadillo*, at p. 223.) Subsequently, the Legislature extended resentencing eligibility to defendants convicted of attempted murder and manslaughter. (*Delgadillo*, at p. 223, fn. 3.)

The Legislature enacted the procedure trial courts must follow when petitioners seek resentencing relief under section 1172.6. The first step is taken by the petitioner. He files his petition "with the court that sentenced [him]" and serves it "on the district attorney" or the prosecutor, "and on the attorney who represented [him] in the trial court" or the relevant public defender. (§ 1172.6, subd. (b)(1).) The petition "shall include" several required components: "(A) A declaration by the petitioner that the petitioner is eligible for relief . . . , based on all the requirements of [section 1172.6,] subdivision (a)"; "(B) The superior court case number and year of the petitioner's conviction"; and "(C) Whether the petitioner requests the appointment of counsel." (*Id.*, subd. (b)(1)(A)–(C).) The

4

petitioner's declaration must aver that he meets all the conditions of eligibility for resentencing, which are: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine"; "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder"; and "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (*Id.*, subd. (a)(1)–(3).)

The second step is taken by the trial court. When a trial court receives a petition, it should determine "[i]f any of the information required by [the statute] is missing." (§ 1172.6, subd. (b)(2)–(3).) Our Supreme Court has explained that is an "initial review process," akin to a "quick[] screen[ing] out." (*Lewis, supra*, 11 Cal.5th at pp. 962, 968.) Its purpose is to identify and eliminate "noncomplying petitions, not petitions that lack substantive merit," and to ensure that the filed petition is "facially sufficient." (*Id.* at pp. 968-970.) When screening the petition, the court does not examine the underlying record of conviction or documents beyond the petition alone. (*Id.* at pp. 966, fn. 5, 967, 971.)

If the court screens the petition and concludes information is missing that "cannot be readily ascertained by the court," it should "deny the petition without prejudice to the filing of

another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1172.6, subd. (b)(2)–(3).) On the other hand, if the required information is set forth in the petition (or "can be readily ascertained"), and "if the petitioner has requested counsel, the court shall appoint counsel to represent petitioner." (*Id.*, subd. (b)(3).)

Thereafter, the parties have an opportunity to file briefs and "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) That prima facie inquiry is distinct from the initial screening we described above. (*Lewis*, *supra*, 11 Cal.5th at p. 966.) If the court determines that a petitioner has made a prima facie showing that he is entitled to relief, the statute prescribes the court's next steps, which include issuing an order to show cause, holding a hearing on petitioner's eligibility for relief, and ultimately resentencing eligible petitioners. (§ 1172.6, subds. (c)–(h).)

Fundamental to that statutory scheme is the Legislature's pellucid decision that "petitioners who file a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition." (*Lewis*, *supra*, 11 Cal.5th at p. 963; see *People v. Patton* (2025) 17 Cal.5th 549, 559 (*Patton*); *Beaudreaux*, *supra*, 100 Cal.App.5th at p. 1237.) That is, the trial court is to undertake the prima facie inquiry only *after* counsel has been appointed (if requested). (*Lewis*, at pp. 957, 966.)

### C. Counsel Should Have Been Appointed When Caballero Filed a Compliant Petition

The trial court erred by denying Caballero's petition prematurely. As described above, when a petitioner requests appointment of counsel, the only inquiry a court undertakes

before appointing counsel is to screen the petition for facial completeness under section 1172.6, subdivision (b)(3). (See *Lewis*, *supra*, 11 Cal.5th at p. 957.) The trial court did not do that here. Its order denying the petition asserts neither that Caballero's petition was facially incomplete, nor that any missing information was not ascertainable.

We conclude that Caballero's petition was facially sufficient. (See § 1172.6, subd. (b)(1)(A)–(C).) Despite some semantic discrepancies in the petition, we can readily ascertain Caballero averred his eligibility for resentencing on the grounds that: (1) he had been charged with murder, and the prosecution could have proceeded on an imputed malice theory (see *id.*, subd. (a)(1)); (2) he was convicted of manslaughter after accepting a plea offer in lieu of a murder trial (see *id.*, subd. (a)(2)); and (3) he could not be convicted of murder now because of the statutory changes made effective January 1, 2019, to section 188 or 189 (see § 1172.6, subd. (a)(3)). Moreover, the trial court did not identify any information missing from the petition; Caballero asserts it was sufficient; and the People do not argue otherwise.

Caballero's filing of a compliant petition thus triggered the trial court's obligation to grant his request for counsel. (See *Patton*, *supra*, 17 Cal.5th at p. 562; *Lewis*, *supra*, 11 Cal.5th at p. 963.) Rather than doing so, the court prematurely decided that Caballero was "excluded from relief under Penal Code section 1172.6 as he was the actual killer and not convicted based solely on his participation in the crime or any imputed malice theory." But at this stage, the petition's " 'substantive merit' is not the question." (*Patton*, *supra*, at p. 562.) The trial court thus erred in denying Caballero's facially sufficient petition without first granting his request for counsel.

7

## II. The Error Was Harmless Because Caballero Is Ineligible for Resentencing Relief as a Matter of Law

The trial court's denial of Caballero's facially sufficient petition without appointing counsel "was state law error." (*Lewis, supra*, 11 Cal.5th at p. 973.) Nevertheless, because we conclude the error was harmless, we affirm.

### A. Standard of Review

When a section 1172.6 petition has been denied before issuance of an order to show cause, the petitioner " 'has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel[,] his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Lewis, supra*, 11 Cal.5th at p. 974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

### B. Caballero Cannot Demonstrate Prejudice

Caballero argues the error was prejudicial because counsel could have filed a brief demonstrating that he was entitled to section 1172.6 relief, despite his being the actual killer. His argument is that at the time of his plea, he could have been prosecuted pursuant to a second degree felony murder theory of liability, but "Senate Bill No. 1437 [has now] eliminated the offense of second-degree felony murder, even for the actual killer."

We are dubious our Legislature extended resentencing relief to any actual killers, particularly in light of the extensive legislative history reiterating its express intent, in at least two separate pieces of legislation, to exclude those individuals from the ambit of the relief scheme. In 2018, the Legislature expressly found the changes Senate Bill 1437 made to sections 188 and 189 were needed because "[i]t is necessary to amend the felony

8

murder rule . . . to ensure that murder liability is not imposed on a person who is the actual killer." (Stats. 2017, ch. 1015, § 1, subd. (f).) Moreover, the author of Senate Bill 1437 assured the Senate Committee on Public Safety the bill "would . . . provide a means for resentencing those who were convicted of murder under the felony murder rule but who did not actually commit the homicide." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1437 (2017–2018 Reg. Sess.) as introduced, Hearing on Accomplice Liability for Felony Murder, Apr. 24, 2018, p. 4.) California courts have likewise routinely recognized actual killers are not eligible for resentencing relief. (See, e.g., *Delgadillo*, *supra*, 14 Cal.5th at p. 233 ["the actual killer and the only participant in the killing" not entitled to relief]; *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200–1201 ["the actual killer . . . is not entitled to relief as a matter of law"]; *People v. Harden* (2022) 81 Cal.App.5th 45, 47–48 [actual killer was "ineligible for relief as a matter of law"]; *People v. Garcia* (2022) 82 Cal.App.5th 956, 973 ["As a matter of law, resentencing relief under section 1172.6 is not available to an 'actual killer.' "].)

In 2021, the Legislature passed Senate Bill No. 775 (2021–2022 Reg. Sess.) to make clear "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder . . . are permitted the same [resentencing] relief as those persons convicted of murder under the same theor[y]." (Stats. 2021, ch. 551, § 1, subd. (a); see also *People v. Lezama* (2024) 101 Cal.App.5th 583, 588 [Legislature acted in response to courts' determinations those criminals were ineligible].) The bill's author informed the Senate Committee on Public Safety it was necessary to remedy a situation where manslaughter defendants, who were among "the least culpable," were "still serving decades

9

in prison even though they should be eligible for relief." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 775 (2021–2022 Reg. Sess.) as introduced, Hearing on Felony Murder: Resentencing, Apr. 13, 2021, p. 3.) The bill thus sought to provide resentencing relief to manslaughter defendants "under the same standards as people who have been convicted of first and second-degree murder." (*Id.* at p. 7; see Assem. Com. on Public Safety, Analysis of Sen. Bill No. 775 (2021–2022 Reg. Sess.) as amended July 6, 2021, Hearing, July 13, 2021, pp. 1 [bill clarifies that same resentencing eligibility conditions also apply to those convicted of manslaughter], 7 ["relief would be granted if the only way to have convicted the petitioner was through first degree felony murder, the natural and probable consequences doctrine, or . . . second degree felony murder as they existed prior to January 1, 2019"].) We are therefore not convinced the Legislature intentionally extended resentencing relief to any actual killers.

Moreover, in this case, Caballero is plainly ineligible for resentencing as a matter of law: he cannot show he can no longer be convicted of murder "because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)

Caballero argues that at the time of his manslaughter plea, he could have been prosecuted for second degree felony murder predicated on the underlying offense of "willfully discharg[ing] a firearm in a grossly negligent manner which could result in injury or death to a person." (§ 246.3, subd. (a); see *People v. Robertson* (2004) 34 Cal.4th 156, 173 [second degree felony murder could be predicated on a violation of § 246.3], overruled by *People v. Chun* (2009) 45 Cal.4th 1172, 1201.) At oral argument, the Attorney General pointed out that in 2009, our

10

Supreme Court determined that "[w]hen the underlying felony is assaultive in nature, such as a violation of section . . . 246.3, . . . the felony merges with the homicide and cannot be the basis of a felony-murder instruction." (*Chun,* at p. 1200.) That expressly overruled *Robertson* and thereby eliminated section 246.3 as a predicate offense for second degree felony murder. (*Chun,* at pp. 1200–1201). Plainly, Caballero cannot presently be convicted of second degree felony murder premised upon a violation of section 246.3 because of *Chun*, not because of the 2019 changes to sections 188 or 189. (Cf. § 1172.6, subd. (a)(3).) Caballero has not advanced any other theory by which he could establish eligibility for resentencing.

Because Caballero is ineligible for resentencing relief as a matter of law, he cannot show a reasonable probability that the trial court would have held an evidentiary hearing on his petition had he been represented by counsel. (See *People v. Hurtado* (2023) 89 Cal.App.5th 887, 893 [trial court's failure to appoint counsel was harmless where petitioner was ineligible for relief as a matter of law].) The trial court's error in failing to appoint counsel was harmless.

## DISPOSITION

The order is affirmed.

RICHARDSON, J.

I CONCUR:

LUI, P. J.

11

**People v. Caballero**
**B335383**

**Chavez, J., Concurring**

I concur in the judgment only.

I disagree with the majority conclusion the trial court erred when it denied appellant's request for counsel and their conclusion the petition submitted was "compliant" with the requirements of Penal Code section 1172.6.

It is my view there was no error by the trial court in denying appellant relief under that section, as the trial court found appellant admitted he killed the victim as part of his plea agreement as well as acknowledging having done so on page six of his handwritten petition, "as the petitioner who did not have the actual intent to kill, and merely acted in self defense of an [imminent] threat without express malice, nor the mens rea with reckless indifference to human life."

The trial court concluded appellant admitted he was the shooter under a currently valid legal theory and as such was ineligible for relief under Penal Code section 1172.6. Appellant's statement in the petition itself, that the actions taken were in self-defense, presupposes the fatal shootings occurred. The trial court is expected to read the petition. When it contains an admission the petitioner was the actual killer, the court cannot be expected to ignore that fact and proceed as though those words do not exist. The review of such a petition is a judicial function that necessarily requires consideration, albeit limited, before any action is taken. (See *People v. Lewis* (2021) 11 Cal.5th 952.) When it is clear from the face of the petition that a petitioner is

1

ineligible for relief, as here, due to an admission that he or she is the actual killer, it is the duty of the reviewing court to deny the petition without any further action being taken, including the appointment of counsel.

Finding no error, harmless or otherwise here, I would affirm the judgment.


CHAVEZ, J.